JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-cv-5773

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PATRICIA S. COATES, ESQ
1700 SANSOM STREET, STE 801
PHILA, PA 19103

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☒ 3  Federal Question
*(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
Defendant
- ☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
§1981 AND §1988

Brief description of cause:
PLAINTIFF WAS RACIALLY DISCRIMINATED AGAINST BY DEFENDANTS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $  $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  10/26/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  OCT 2 ....  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 220 E. MERMAID LANE, UNIT T-201, PHILADELPHIA, PA 19118

Address of Defendant: 1046 MARKET STREET, PHILADELPHIA, PA 19107

Place of Accident, Incident or Transaction: CVS PHARMACY, 1046 MARKET STREET, PHILADELPHIA, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, PATRICIA S. COATES, ESQ, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 10/26/15    PATRICIA S. COATES    77747
Attorney-at-Law    Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/26/15    PATRICIA S. COATES    77747
Attorney-at-Law    Attorney I.D.#

OCT 2 2015
OCT 26 2015

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  | CIVIL ACTION |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : | 15   5773 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| 10/26/15 | PATRICIA S. COATES, ESQ | EODIE WILLIAMS, PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)557-7038 | (215) 557-7041 | PHILCOATES4@AOL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 2 2015



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------X

**EDDIE M. WILLIAMS**
220 E. Mermaid Lane, Unit T-201
Philadelphia, PA 19118
                Plaintiff    :

       v.                :

**CVS CAREMARK CORPORATION,
PENNSYLVANIA CVS PHARMACY,
L. L. C.**, doing business locally at
1046 Market Street
Philadelphia, PA 19107

           and

**MARK STEPHANY**, Individually and in
  his Professional capacity as Assistant
  Manager of CVS Pharmacy, Store
  #2866, having a principal place of
  employment at
  CVS Pharmacy Store
  1046 Market Street
  Philadelphia, PA 19107

           and

**BEVERLY EICHMULLER**, Individually
  and in her Professional capacity as
  Assistant Manager of CVS Pharmacy,
  Store #2866, having a principal place
  of employment at
  CVS Pharmacy Store
  1046 Market Street
  Philadelphia, PA 19107

           and

**JOHN MACNAIR**, Individually and in
  his Professional capacity as Manager
  of CVS Pharmacy, Store #2866,

Civil Action No.: _____

15    5773

1

havin a principal place of          :
    employment at                   :
CVS Pharmacy Store                  :
1046 Market Street                  :
Philadelphia, PA 19107              :
                      Defendants    :
----------------------------------------------------X

## COMPLAINT

The Plaintiff , EDDIE M. WILLIAMS, by and through his attorney, Patricia S.

Coates, Esquire, claims of Defendants, individually and/or jointly, damages in excess

of One Hundred Fifty Thousand Dollars ($150,000.00) upon causes of action whereof

the following is a statement:

## JURISDICTION AND VENUE

1.   Plaintiff brings this action under the laws of the United States of America, in

     particular 42 U. S. C. §1981 and §1988. This Court's Jurisdiction is invoked

     pursuant to 28 U.S.C. §1331 and §1343.

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch

     as Plaintiffs' causes of action arose in the Eastern District of Pennsylvania, and

     all the Defendants are found in the Eastern District of Pennsylvania.

## NATURE OF THE ACTION AND RELIEF SOUGHT

3.   This is a civil rights case alleging race discrimination, more specifically the

     impairment of the Plaintiff's employment and livelihood on the basis of his race.

4.   Plaintiff seeks compensatory and punitive damages against the defendants,

     individually and/or jointly.

2

## THE PARTIES

5.    The Plaintiff is Eddie M. Williams, an adult Black male and citizen of the United

States who resides at 220 E. Mermaid Lane, Unit T-201, Philadelphia,

Pennsylvania 19118.

6.    A Defendant is CVS CAREMARK CORPORATION, PENNSYLVANIA CVS

PHARMACY, L. L. C., (hereinafter "CVS") a Delaware Corporation having

corporate headquarters at One CVS Drive, Woonsocket, Rhode Island 02895,

but doing business in this Eastern District through its Pennsylvania subsidiary,

Pennsylvania CVS Pharmacy, L. L. C. and CVS Pharmacy Store #2866 located

at 1046 Market Street in the city and county of Philadelphia, Commonwealth of

Pennsylvania, 19107.

7.    At all times relevant hereto, Defendant CVS acted or failed to act by and through

its employees, agents, workmen and Supervisors, including its Supervisory

Employees, Mark Stephany and John McNair, whose acts and failures to act

were the acts and failures to act of Defendant CVS. Defendant CVS is

vicariously, directly and strictly liable for the acts and failures to act of its

Supervisory employees, Mark Stephany and John McNair.

8.    A Defendant is MARK STEPHANY, an adult Caucasian male who, at all times

relevant hereto, worked for Defendant CVS in a supervisory capacity as

Assistant Manager of Defendant CVS' store at 1046 Market Street, Philadelphia,

Pennsylvania 19107. As Assistant Manager of said store, Defendant Stephany

was a high ranking supervisor at that location and was responsible, and did,

implement Defendant CVS' official workplace policies.

3

9.    A Defendant is BEVERLY EICHMULLER, an adult Black female who, at all times relevant hereto, worked for Defendant CVS in a supervisory capacity as Assistant Manager of Defendant CVS' store at 1046 Market Street, Philadelphia, Pennsylvania 19107.  As Assistant Manager of said store, Defendant Eichmuller was a high ranking supervisor at that location and was responsible, and did, implement Defendant CVS' official workplace policies.

10.   A Defendant is JOHN McNAIR, an adult Caucasian male who, at all times relevant hereto, worked for Defendant CVS in a supervisory capacity as Manager of Defendant CVS' store at 1046 Market Street, Philadelphia, Pennsylvania 19107.  As Manager of said store, Defendant McNair was the highest ranking supervisor at that location and was responsible, and did, implement Defendant CVS' official workplace policies.

11.   At all times relevant hereto, Defendants Stephany, Eichmuller and McNair acted intentionally, deliberately, maliciously and with willful disregard for the Plaintiff's rights to be free from race discrimination.

12.   At all times material hereto, Defendants Stephany, Eichmuller and McNair acted, in furtherance of their own interests, but also in the course and scope of their employment and supervisory duties as Assistant Managers and Manager for and on behalf of and/or under the management, control and/or direction of Defendant CVS, and in furtherance of its business purposes.

13.   Defendants Stephany, Eichmuller and McNair are being sued as individuals and in their professional capacities.

4

## BACKGROUND ALLEGATIONS

14.   The word "nigger" is a pejorative, derogatory, insulting, offensive, vulgar and hurtful ethnic slur designed and used to insult and degrade others on the basis of race, ethnicity, skin color or nationality, and is especially repulsive, heinous and offensive when leveled at African American, Black or dark-complected people.

15.   One of the most offensive, vile and wretched words in the English language, the word is so execrable that many people find it ineffable and refer to it as "the N-word".

16.   At all times relevant hereto, Defendants Stephany, Eichenmuller and McNair, and therefore Defendant CVS, knew and understood the word "nigger" to be a pejorative, derogatory, insulting, offensive, vulgar and hurtful ethnic slur designed and used to insult and degrade others on the basis of race, ethnicity, skin color or nationality, and knew and understood that it would be especially repulsive, heinous and offensive if and when leveled at the Plaintiff, a Black or African American person.

## THE CONTRACTUAL RELATIONSHIP

17.   The Foster Grant Company (FGX, International) manufactures and sells eyewear, and markets its products through Defendant CVS' stores.

18.   Defendant CVS and Foster Grant have a contractual relationship (hereinafter CVS-Foster Grant contract") pursuant to which Foster Grant employees visit Defendant CVS Stores to service eyeglass display cases and other Foster Grant products.

19.   Plaintiff Williams was, at all times relevant hereto, employed by the Foster Grant

5

Company and, as required and encouraged by the terms of the CVS-Foster Grant contract, visited Defendant CVS stores to service eyeglass display cases and other Foster Grant products.

20. Thus, and as part of and pursuant to the CVS-Foster Grant contract, Plaintiff Williams earned his living servicing Foster Grant eyeglass displays at Defendant CVS stores.

21. Thus, an implied agreement, a simple social contract, existed between Defendant CVS and Plaintiff Williams that Defendant CVS would not discriminate against the Plaintiff on the basis of his race and would allow him into Defendant CVS' stores to pursue his livelihood of servicing Foster Grant eyeglass displays.

## OPERATIVE ALLEGATIONS

22. On or about March 25, 2015, Plaintiff Williams visited Defendant CVS' store #2866 located at 1042 Market Street in Philadelphia, Pennsylvania for the purpose of servicing the Foster Grant eyeglass displays.

23. Upon arriving, the Plaintiff was directed by an unidentified CVS employee that his boxes of Foster Grant eyeglasses and other products were in the rear of the store, whereupon he proceeded to the rear of the store to retrieve boxes of Foster Grant materials and products.

24. When Plaintiff Williams reached the back of the store, he met Defendant Mark Stephany, who told him that his boxes were in the front of the store.

25. Plaintiff Williams thanked Defendant Stephany for the information, but told him that another employee said that the boxes were in the rear of the store.

6

26. At this time, Defendant Stephany became visibly annoyed and, speaking in a rude, insulting and offensive manner, rudely asked "What, what?"

27. Taken aback by Defendant Stephan's tone, Plaintiff Williams admonished Defendant Stephany, demanded that Defendant Stephany not talk to him in that tone of voice, since he had been doing nothing more than thanking him, and remarked that in a business setting people should speak more professionally.

28. Defendant Stephany then responded angrily saying "well that's the way I talk", to which the Plaintiff further responded "well, that isn't the way I talk" and walked away to retrieve the Foster Grant boxes for which he had come.

29. As Plaintiff Williams walked away, however, Defendant Stephany disparaged Plaintiff to another employee as a "fucking nigger!"

30. Upon hearing himself called a "fucking nigger", Plaintiff Williams was shocked, shaken, outraged, offended and hurt to such an extent that he was impaired and impeded in his ability to complete his work assignment and objective.

31. Plaintiff understood that word to be one of the most offensive words in the English language, and further understood that Defendant Stephany referenced him as a "fucking nigger" for no other reason than that he was Black or African American.

32. Upon hearing himself so vilified, upon hearing such a despicable word, the Plaintiff said to Defendant Stephany "I heard exactly what you said", whereupon Defendant Stephany exited the rear area of the store.

33. Plaintiff Williams then sought out Defendant Beverly Eichmuller and related to her what had happened and, as he did so, Defendant McNair came over to hear

7

what had happened.

34.   Plaintiff Williams then related to both Defendants Eichmuller and McNair what had happened, and told them of the vile and reprehensible epithet

35.   Plaintiff Williams asked Defendant McNair if they could discuss the matter in his office or in another more private location so that he could make a formal complaint against Defendant Stephany, but Defendant McNair refused go to a private location to discuss what had happened or to allow Plaintiff Williams to file a formal, written complaint, or even to discuss the matter at all.

36.   Instead of discussing the matter in private, or allowing Plaintiff Williams to file a formal, written complaint against Defendant Stephany, Defendant McNair retaliated against the Plaintiff for leveling the oral complaint by suggesting smirkingly that perhaps it might have been the music playing in the store that the Plaintiff heard.

37.   Defendant McNair also refused to summon Defendant Stephany to learn why he made such a remark or otherwise to admonish him for making it.

38.   Similarly, Defendant Eichmuller refused to speak to Defendant Stephany about the use of such vile and reprehensible epithets.

39.   Defendant McNair further retaliated against the Plaintiff by taking the Plaintiff's belongings, throwing them on the floor, and demanding that he leave the store.

40.   In further retaliation against the Plaintiff for complaining about Defendant Stephany's actions, Defendant Eichmuller then escorted the Plaintiff from the store.

41.   In ejecting the Plaintiff from the store, Defendants McNair and Eichmuller, and

8

therefore Defendant CVS, impeded Plaintiff Williams from servicing the Foster Grant eyeglass display and impaired him in the performance of his job.

42.     In refusing to discuss with the Plaintiff what had happened or allowing him to file a formal, written complaint, and in smirkingly suggesting that the Plaintiff might have heard music, and in further ejecting Plaintiff Williams from the store, Defendants McNair and Eichmuller, and therefore Defendant CVS, thereby affirmed, supported, acquiesced in, ratified, adopted, condoned and approved the use of such racist disparagements by Defendant Stephany and other CVS' employees, and established official CVS corporate policy regarding race discrimination.

43.     In refusing to discuss with the Plaintiff what had happened or allowing him to file a formal, written complaint, and in smirkingly suggesting that the Plaintiff might have heard music, and in finally ejecting Plaintiff Williams from the store, Defendants McNair and Eichmuller, and therefore Defendant CVS, established and evidenced the official CVS policy, practice and custom of affirming, supporting, acquiescing in, ratifying, adopting, condoning and approving the use of such racist disparagements by Defendant Stephany and other CVS' employees, and in race discrimination generally.

44.     In refusing to discuss with the Plaintiff what had happened, and in smirkingly suggesting that the Plaintiff might have heard music, and in ejecting Plaintiff Williams from the store, Defendants McNair and Eichmuller, and therefore Defendant CVS, denied the Plaintiff the ability to pursue his livelihood as is enjoyed by white citizens.

45.   The shocking and discriminatory conduct to which the Plaintiff was subjected by Defendants Stephany, Eichmuller and McNair, individually and jointly, is unacceptable in any place of business, and a civilized society cannot tolerate such conduct.

46.   As a direct and proximate result of the above-described acts and failures to act, Plaintiff Williams suffered extreme embarrassment, humiliation, insult, mental stress, psychological pain and anguish, and was generally sick to his stomach.

47.   As a further direct and proximate result of the above-described acts and failures to act, the Plaintiff has been unable to sleep and has lost enjoyment of life.

**FEDERAL CLAIMS**

**COUNT I:**

**PLAINTIFF V. DEFENDANTS CVS CAREMARK CORPORATION, PENNSYLVANIA CVS PHARMACY, L. L. C., MARK STEPHANY, BEVERLY EICHMULLER AND JOHN McNAIR, Individually and/or jointly.**
**Violation of 42 U. S. C. §1981 (Discrimination)**

48.   The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

49.   42 U. S. C. §1981, as amended by the Civil Rights Act of 1991, mandates that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts,.... as is enjoyed by white citizens,....

50.   Upon information and belief, Defendant CVS did not prevent white vendors from servicing their displays in CVS stores or otherwise impair their livelihoods.

51.   The acts and failures to act of Defendants Stephany, Eichmuller and McNair,

10

individually and jointly, were intentional and malicious, and caused the Plaintiff to be deprived of his right to pursue his livelihood, and therefore to enforce his simple social contract, as is enjoyed by white citizens as guaranteed him under 42 U. S. C. §1981.

52.    The acts and failures to act of Defendants Stephany, Eichmuller and McNair were proscribed by 42 U. S. C. §1981.

53.    Emotional distress damages are recoverable under 42 U.S.C. §1981. Patterson v. McLean Credit Union, 491 U.S. 164, 182 n. 4 (1989).

54.    Furthermore, a Plaintiff party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual. 42 U.S. Code § 1981a(b)(1)

55.    The acts and failures to act of Defendants Stephany, Eichmuller and McNair, all of whom worked in a supervisory capacity, were the direct acts and failures to act of Defendant Defendant CVS Caremark Corporation, Pennsylvania CVS Pharmacy, L. L. C., for all of which it is directly, vicariously and strictly liable.

    **WHEREFORE**, the Plaintiff demands judgment against the Defendants, individually and jointly, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for all attorney's fees and punitive damages as allowed by 42 U. S. C. §§1981a(b)(1) and 1988.

11

**COUNT II:**

## PLAINTIFF V. DEFENDANTS CVS CAREMARK CORPORATION, PENNSYLVANIA CVS PHARMACY, L. L. C., BEVERLY EICHMULLER AND JOHN McNAIR, Individually and/or jointly.
### Violation of 42 U. S. C. §1981 (Retaliation)

56.   The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

57.   42 U. S. C. §1981 prohibits retaliation against persons who complain of race discrimination. <u>CBOCS West Inc. v. Humphries</u>, 553 U.S. 442, 128 S.Ct. 1951, 170 L.Ed.2d 864 (2008).

58.   Plaintiff Williams justifiably and rightfully complained to Defendants Eichmuller and McNair, and therefore to Defendant CVS, of the racist and discriminatory conduct to which he was subjected, but instead of investigating the Plaintiff's complaint, Defendants McNair and Eichmuller threw his belongings to the ground, mocked and smirked at the Plaintiff, and ejected him from the store in which he was trying to work.

59.   Plaintiff Williams was treated as described in the preceding paragraph for no other reason than that he complained about being referred to as a "fucking nigger".

60.   The acts and failures to act of Defendants Eichmuller and McNair, both of whom worked in a Supervisory capacity, were intentional and malicious, and were the direct acts and failures to act of Defendant CVS Caremark Corporation, Pennsylvania CVS Pharmacy, L. L. C., for all of which it is directly, vicariously and strictly liable.

12

**WHEREFORE**, the Plaintiff demands judgment against Defendants CVS

Caremark Corporation, Pennsylvania CVS Pharmacy, L. L. C., Eichmuller and McNair,

individually and jointly, in an amount in excess of One Hundred Fifty Thousand Dollars

($150,000.00), and for all attorney's fees and punitive damages as allowed by 42 U. S.

C. §§1981a(b)(1) and 1988.


Respectfully submitted,

Patricia S. Coates, Esquire
Attorney for Plaintiff Eddie M. Williams

13

## VERIFICATION

I, Eddie M. Williams, do hereby swear pursuant to the provisions of 18 Pa. S. C. A. relating to unsworn falsification to authorities, that I have read and understood the allegations in the within-captioned Complaint, and that the same are true and correc to the best of my belief and understanding.

By:

Date: _October 13_____, 2015

Eddie M. Williams

14