IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EDDIE M. WILLIAMS<br><br>    v.<br><br>CVS CAREMARK CORPORATION, PENNSYLVANIA CVS PHARMACY, L.L.C., MARK STEPHANY, BEVERLY EICHMULLER, and JOHN MACNAIR | CIVIL ACTION<br><br>NO. 15-5773 |
|---|---|

### MEMORANDUM RE: DEFENDANTS MOTION FOR (PARTIAL) DISMISSAL

**Baylson, J.**                                                                                                            July 19, 2016

In this job discrimination case, defendants CVS Caremark Corporation ("CVS"), Pennsylvania CVS Pharmacy, LLC ("CVS LLC"), Mark Stephany ("Mr. Stephany"), Beverly Eichmuller ("Ms. Eichmuller"), and John MacNair ("Mr. MacNair" and together with CVS, CVS LLC, Mr. Stephany, and Ms. Eichmuller, the "Defendants") move for partial dismissal of plaintiff Eddie M. Williams' ("Mr. Williams") Amended Complaint which alleges, among other things, that his rights under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.*, have been violated. Specifically, Mr. Williams avers that Defendants discriminated against him based on his race (Counts I and III) and subjected him to retaliatory actions for his complaint thereof (Count II).

Defendants moved for dismissal of Count III of Mr. Williams' Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) or, in the alternative, for leave to amend their Answer to Mr. Williams' Amended Complaint pursuant to Rule 15(a). For the reasons discussed below, the Court grants Defendants' motion and dismisses Mr. Williams' PHRA claim.

1

## I.     BACKGROUND & PROCEDURAL HISTORY

Mr. Williams' Amended Complaint alleges the following facts. Mr. Williams, a black man, was employed[1] by FGX, International ("FGX"), which manufactures and sells eyewear. (Am. Compl. ¶ 17). Pursuant to a contract between FGX and CVS, the former employs field representatives to visit CVS stores to service, in addition to other products, eyeglass display cases. (Am. Compl. ¶ 18). Mr. Williams was such an employee, and visited CVS stores in the Philadelphia area to service FGX eyeglass displays. (Am. Compl. ¶ 20).

It was in this capacity that Mr. Williams visited CVS Store #2866 on March 25, 2015. (Am. Compl. ¶ 22). On that day, Mr. Williams had a verbal altercation with Mr. Stephany, during which time Mr. Stephany used a well-recognized pejorative to describe Mr. Williams. (Am. Compl. ¶ 29). After Mr. Williams sought, and was refused, from defendants Ms. Eichmuller and Mr. MacNair (also employees of CVS Store #2866), an opportunity to file a formal grievance against Mr. Stephany, Ms. Eichmuller escorted Mr. Williams from CVS Store #2866. (Am. Compl. ¶¶ 35-40).

Mr. Williams commenced the instant action by filing his Complaint on October 26, 2015. (ECF 1). Mr. Williams filed an Amended Complaint on December 14, 2015 (ECF 4), which Defendants answered on January 5, 2016 (ECF 8). Defendants moved for partial dismissal of Mr. Williams' Amended Complaint on April 26, 2016 (Mem. of Law in Supp. of Defs.' Mot. to Dismiss or in the Alternative for Leave to Amend their Answer ("Defs.' Br."), ECF 21), contending that Mr. Williams' PHRA claim is unexhausted and that this Court therefore lacks subject matter jurisdiction to entertain the claim. Mr. Williams responded in opposition to

---

[1]     It is unclear from the allegations in the Amended Complaint whether Mr. Williams is still employed by Foster Grant. However, it is at this point undisputed, and for purposes of this Motion assumed true, that Mr. Williams was employed by Foster Grant, and not CVS, at the time the incident that forms the basis of this action. (Am. Compl. ¶ 19).

2

Defendants' motion on May 9, 2016. (Pl.'s Response in Opp'n to Defs.' Mot. to Dismiss or, in the Alternative, for Leave to Amended their Complaint ("Pl.'s Opp'n"), ECF 23). On May 16, 2016, Defendants filed their reply in further support of their motion to dismiss Count III of Mr. Williams' Amended Complaint. (Reply Mem. in Supp. of Defs.' Mot. to Dismiss or in the Alternative for Leave to Amend their Answer ("Defs.' Reply"), ECF 26).

## II.     JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction over Mr. Williams' federal statutory claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391(b).

"[B]efore filing a PHRA claim in court, an employee must file a complaint with the PHRC." Huggins v. Coatesville Area Sch. Dist., 452 Fed. App'x 122, 127 (3d Cir. 2011). This filing requirement must be satisfied before an employee is allowed to file a PHRA claim in court; if it is not, the claim is considered unexhausted. Clay v. Advanced Comput. Applications, Inc., 559 A.2d 917, 919-21 (Pa. 1989). Because "failure to exhaust . . . administrative remedies render[s] the district court without jurisdiction to entertain the suit," First Jersey Sec., Inc. v. Bergen, 605 F.2d 690, 700 (3d Cir. 1979), failure to exhaust administrative requirements under the PHRA is appropriately raised by a motion to dismiss for lack of subject matter jurisdiction. Rosetsky v. Nat'l Bd. of Med. Exam'rs of U.S., Inc., 350 Fed. App'x 698, 703 (3d Cir. 2009). On a rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court does not draw all inferences in favor of the plaintiff, because the plaintiff bears the burden to convince the court it has jurisdiction. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

### III.  DISCUSSION

Under the PHRA, the Pennsylvania Human Rights Commission ("PHRC") has exclusive jurisdiction over all cases involving a claim of discrimination for one year.  43 Pa. Cons. Stat. Ann. § 962(c)(1).  The Third Circuit has recognized that a PHRA complainant "may not file an action in court for a period of one year."  Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 471 (3d Cir. 2001) (citing Clay, 559 A.2d at 921).  Where a plaintiff voluntarily withdraws her complaint before the expiration of this one-year period, the exhaustion requirement is not satisfied.  See Walker v. IMS Am., Ltd., No. , 1994 WL 719611, at *5 (E.D. Pa. 1994) (dismissing PHRA claim where plaintiff requested the PHRC withdraw her complaint and transfer investigation of her claims to the Equal Employment Opportunity Commission ("EEOC")).

Mr. Williams has failed to meet his burden of establishing jurisdiction over his PHRA claim.  Mr. Williams filed his complaint with the PHRC on May 28, 2015 (the "PHRC Complaint"), which was dual-filed with the EEOC.  (Decl. of Marcy A. Gilroy in Supp. of Defs.' Mot. to Dismiss or in the Alternative for Leave to Amend ("Marcy Decl.") ¶ 3, ECF 21-1, Ex. B).  On December 17, 2015—less than one (1) year before the expiration of the PHRC's exclusive jurisdiction period—Mr. Williams executed a withdrawal form for his charge of discrimination.  (Marcy Decl. ¶ 4, Ex. C ("PHRC Withdrawal")).  Thereafter, on January 12, 2016, the PHRC notified Mr. Williams that, "[p]rior to the completion of the investigation or formal finding, [he] requested that [his] complaint filed with the [PHRC] be withdrawn," and that his case was therefore "being closed."  (PHRC Withdrawal).

Mr. Williams acknowledges "that withdrawal of one's claims prior to a determination by the proper administrative agency constitutes failure to exhaust one's remedies" (Opp'n Br. at 7),

4

but proffers that this rule is meant only to ensure that the relevant agency has time to investigate the claim's merits and that, as such, the nearly seven (7) months during which his claim was active with the PHRC satisfies this underlying objective (Opp'n Br. at 7-9). This argument misses the mark. As the Third Circuit stated in an unpublished, but persuasive, opinion, failure to comply with "the PHRC's mandatory one year investigation period" is a defect that deprives the court of jurisdiction. Rosetsky, 350 Fed. App'x at 703. As such, the Court will not entertain Mr. Williams' plea to introduce equitable principles to avoid what is a strict jurisdictional limitation.

Because Mr. Williams' PHRA claim fails to comply with the Act's statutory mandates, Count III was fatally flawed upon its filing in this Court. James v. Int'l Bus. Machines Corp., 737 F. Supp. 1420, 1427 (E.D. Pa. 1990). Accordingly, the Court grants Defendants' motion and dismisses Count III of Mr. Williams' Amended Complaint.[2]

### VI. CONCLUSION

The Court grants Defendants' Motion for (Partial) Dismissal, and dismisses with prejudice Mr. Williams' PHRA claim (Count III) for lack of subject matter jurisction. An appropriate Order follows.

O:\CIVIL 15\15-5773 williams v cvs\Memo re Motion to Dismiss.docx

---

[2] Mr. Williams requests, in his Opposition Brief, that this Court remand his case to the PHRC for further investigation and compliance with the mandatory one-year jurisdictional period. (Pl.'s Opp'n at 9-10). Though Mr. Williams improperly requests this relief in an opposition brief (Opp'n Br. at 9-10), the Court would still not be inclined to grant the request even if it had been properly advanced. Mr. Williams does not cite, and this Court has been unable to find, any authority permitting this Court to remand his case to the PHRC. Furthermore, as the PHRC notice sent to Mr. Williams expressly and conspicuously provided, "a complaint may not be reopened after it has been withdrawn *except in highly extraordinary circumstances*." (PHRC Withdrawal) (emphasis added).